IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA L. NORTON, | ) | CASE NO. 3:13 CV 2328 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.  Nature of the case and proceedings**

Before me[1] is an action by Linda L. Norton under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] ECF # 15. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

[5] ECF # 5.

[6] ECF # 13.

briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

**B.     Decision of the Administrative Law Judge ("ALJ")**

The ALJ, whose decision became the final decision of the Commissioner, found that Norton had the following severe impairments: obesity, lumbar degenerative disc disease, and chronic obstructive pulmonary disease (COPD)/emphysema.[11]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Norton's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and must avoid exposure to even moderate levels of irritants.[12]

Based on that RFC, the ALJ found Norton capable of her past relevant work as a bus driver and cafeteria attendant and, therefore, not under a disability.[13]

---

[7] ECF # 16 (Norton's brief); ECF # 17 (Commissioner's brief); ECF # 18 (Norton's reply brief), ECF # 20 (Norton's supplemental brief filed without leave of Court).

[8] ECF # 16-2 (Norton's charts); ECF # 17-1 (Commissioner's charts).

[9] ECF # 16-1 (Norton's fact sheet).

[10] ECF # 20.

[11] Transcript ("Tr.") at 13.

[12] *Id.* at 15.

[13] *Id.* at 18.

**C.     Issues on judicial review and decision**

Norton asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Norton presents the following issues for judicial review:

- The ALJ found Norton capable of light work without limitations on standing/walking or sitting. Does substantial evidence support the exclusion of these exertional limitations from the RFC finding?

- The ALJ found Norton's statements about the intensity and limiting effects of her pain not credible. He did not analyze Norton's pain under the analytical framework for fibromyalgia. Does substantial evidence support the credibility finding?

- Does Dr. Mauk's 2014 RFC opinion, offered for the first time on judicial review, warrant a remand under sentence six?

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by

> this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[14]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[15] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[16]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2.  *Remand under sentence six*

Sentence six of 42 U.S.C. § 405(g) permits a court to order a case remanded for consideration of additional evidence under certain circumstances. The Sixth Circuit has interpreted this statute as creating three requirements for a remand to consider new evidence: (1) that the evidence be "new;" that is, not cumulative of evidence already in the record; (2) that the evidence be "material;" which requires a showing that the Commissioner would

---

[14] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[15] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[16] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

have reached a different disposition of the claim if presented with the evidence; and (3) that "good cause" exists for not producing the evidence in a prior proceeding.[17]

**B.     Application of standards**

Procedural dates have heightened importance in this case. Norton claims an onset date of February 1, 2009. Her date last insured was March 31, 2010. She did not file her application until March 15, 2011, almost a year after her date last insured.

According to Norton's testimony at the hearing, these dates are somewhat arbitrary. When she applied for DIB in 2011, the agency told her that she had to identify an onset date.[18] She could not recall exactly why she picked that date but explained that she had not applied for benefits until March of 2011 because her pain became worse at that time.[19]

As the ALJ pointed out in his decision, there is little medical evidence for the period between the alleged onset date and the date last insured.[20] My review of the transcript verifies this observation. The medical records for the relevant period appear between pages 314 and 439 of the transcript.[21] Most of these records deal with pulmonary difficulties, bronchitis, sleep apnea, sinus issues, flu, and visual difficulties. There are some records that refer to

---

[17] *Shull v. Astrue*, No. 09-CV-2931, 2011 WL 1357363, at *3 (N.D. Ohio April 11, 2011) (citations omitted).

[18] Tr. at 35.

[19] *Id.*

[20] *Id.* at 16.

[21] Some additional treatment records for ophthalmology only appear on pages 527-40.

MRIs of the spine. These MRIs resulted in a diagnosis that Norton had decreasing bone density in the lumbar spine that put her at risk for osteoporosis.[22] Supplements and medications were prescribed.[23] These records contain no source opinions regarding severity or limitations.

Norton's arguments rely heavily upon treatment by Dr. Mauk, a chiropractor, for injuries sustained in a motor vehicle accident in the mid-1980s. She saw him intermittently through 2006.[24] She again sought him out in 2014 to provide an opinion that addressed the period of claimed disability.[25] He did not see or treat Norton during the alleged disability period. The ALJ gave no weight to the only opinion from Dr. Mauk in the record before the date of decision.[26] This undated opinion related to a workers compensation claim made in 1986.[27] As previously stated, Dr. Mauk did not treat Norton during the alleged disability period. Further, as a chiropractor, he is not an acceptable medical source. Substantial evidence supports the decision of the ALJ to include no limitations on walking/standing or sitting based upon the evidence in the transcript and Dr. Mauk's treatment notes and opinion.

---

[22] Tr. at 495, 420.

[23] *Id.* at 420.

[24] *Id.* at 250-303.

[25] ECF # 16-3.

[26] Tr. at 18.

[27] *Id.* at 260.

Norton seeks to make this a fibromyalgia case based on evidence in the transcript from after the alleged disability period. Eight months after the date last insured, an examination showed 18 out of 18 fibromyalgia tender points.[28] The examining physician, Dr. Chauhan, ordered additional tests to rule out other potential causes before making a definitive diagnosis of fibromyalgia.[29] By April of 2011, Dr. Chauhan made a diagnosis of fibromyalgia and had Norton on a medication regimen.[30] There are further treatment notes for Dr. Chauhan in 2012 that refer to fibromyalgia.[31] In May of 2013, Dr. Chauhan indicated that she was doing better on Cymbalta.[32] Dr. Chauhan never offered a residual functional capacity opinion, however.

Norton attempts to argue that the problems manifested in late 2010 through 2013 relate back to the alleged disability period. There is little or nothing in the treatment notes from that period, however, that support relation back. If anything, the record as a whole seems to indicate that, consistent with Norton's testimony at the hearing, her condition worsened in 2011, which prompted her to file her disability application. Her selection of the 2009 onset date does appear to be arbitrary in light of these records. This cannot, therefore,

---

[28] *Id.* at 460.

[29] *Id.* at 472.

[30] *Id.* at 480.

[31] *Id.* at 576-79, 587-602.

[32] *Id.* at 615.

be turned into a fibromyalgia case under *Rogers v. Commissioner of Social Security*[33] or *Swain v. Commissioner of Social Security*,[34] nor Norton's credibility rehabilitated, by her condition after the date last insured.

Finally, Norton attempts to tie this all together by the 2014 opinion of Dr. Mauk, introduced for the first time with the brief in this case. Although arguably that report is new and relevant, it is not material. Because of its distance in time from the date last insured, Dr. Mauk's status as a non-acceptable medical source, and Dr. Mauk's lack of treatment during the alleged disability period, there is no likelihood that this opinion on remand would result in a disability finding.

Norton has filed a supplemental brief, without leave, arguing that the treatment notes during the alleged disability period for sleep disorder and her eye problems undermine the RFC finding.[35] These impairments do not appear to justify further limitations, nor does Norton suggest what such limitations should be. Moreover, reviewing again Norton's opening brief[36] and her reply brief,[37] she limited her arguments to orthopedic or fibromyalgia based pain. She cannot expand her argument in a supplemental brief.

---

[33] *Rogers*, 486 F.3d 234.

[34] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986 (N.D. Ohio 2003).

[35] ECF # 21.

[36] ECF # 16.

[37] ECF # 18.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Norton had no disability. The denial of Norton's application is affirmed.

IT IS SO ORDERED.

Dated: February 25, 2015　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge